# In the United States Court of Federal Claims

## OFFICE OF SPECIAL MASTERS
Filed: May 18, 2022

```
*   *   *   *   *   *   *   *   *   *   *   *   *
G.C., by her parent,                          *
Brynn Contino,                                *
                                              *      UNPUBLISHED
                                              *
              Petitioners,                    *      No. 15-773V
                                              *
v.                                            *      Special Master Gowen
                                              *
SECRETARY OF HEALTH                           *      Damages; Influenza ("flu");
AND HUMAN SERVICES,                           *      urticarial vasculitis.
                                              *
              Respondent.                     *
*   *   *   *   *   *   *   *   *   *   *   *   *
```

*Lawrence R. Cohan,* Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for petitioners.
*Darryl R. Wishard,* United States Department of Justice, Washington, DC, for respondent.

## DECISION ON DAMAGES[1]

On July 23, 2015, Brynn Contino, on behalf of G.C. ("petitioner"), filed a petition in the National Vaccine Injury Compensation Program.[2]  Petition (ECF No. 1).  Petitioner alleges that as a result of G.C. receiving the influenza ("flu") vaccine on December 3, 2013, she suffered from urticarial vasculitis.  *Id.*  On September 5, 2019, I issued a Ruling on Entitlement, finding that petitioner, on behalf of G.C., had established causation-in-fact and were entitled to compensation.  Ruling on Entitlement, filed Sept. 5, 2019 (ECF No. 66).

---

[1] Pursuant to the E-Government Act of 2002, *see* 44 U.S.C. § 3501 note (2012), because this opinion contains a reasoned explanation for the action in this case, I intend to post it on the website of the United States Court of Federal Claims.  The court's website is at http://www.uscfc.uscourts.gov/aggregator/sources/7.  Before the opinion is posted on the court's website, each party has 14 days to file a motion requesting redaction "of any information furnished by that party: (1) that is a trade  secret or commercial or financial in substance and is privileged or confidential; or (2) that includes  medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of  privacy."  Vaccine Rule 18(b).  An objecting party must provide the court with a proposed redacted version of the opinion.  *Id.*  If neither party files a motion for redaction within 14 days, the opinion will be posted on the court's website without any changes.  *Id.*

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-10 to 34 (2012) (hereinafter "Vaccine Act" or "the Act").  Hereinafter, individual section references will be to 42 U.S.C. § 300aa of the Act.

On May 18, 2022, respondent filed a proffer on an award of compensation, which indicates petitioner's agreement to compensation on the terms set forth therein.  Proffer (ECF No. 113).  The proffer is attached hereto as Appendix A.

**Consistent with the terms of the proffer, I hereby award the following compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a):**

**A.**  **A lump sum payment of $145,151.53, representing compensation for life are expenses in the first year after judgment ($5,151.53) and pain and suffering ($140,000.00), in the form of a check payable to petitioner as guardian(s)/conservator(s) of the estate of G.C., for the benefit of G.C.**

**B.**  **An amount sufficient to purchase the annuity contract subject to the conditions described in the proffer.**

Accordingly, the Clerk of Court **SHALL ENTER JUDGMENT** in accordance with the terms of the proffer and this decision.[3]

**IT IS SO ORDERED.**

<u>s/Thomas L. Gowen</u>
Thomas L. Gowen
Special Master

---

[3] Entry of judgment is expedited by each party's filing notice renouncing the right to seek review.  Vaccine Rule 11(a).

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

———————————————————————
)
G.C., by her parent BRYNN CONTINO,      )
)
       Petitioner,      )
)
   v.      )    **No. 15-773V**
)    Special Master Gowen
SECRETARY OF THE DEPARTMENT OF   )    ECF
HEALTH AND HUMAN SERVICES,     )
)
       Respondent.     )
———————————————————————)

## RESPONDENT'S PROFFER ON AWARD OF COMPENSATION

On July 23, 2015, Brynn Contino ("petitioner"), on behalf of her minor child, G.C., filed

a petition for compensation under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C.

§§ 300aa-1 to -34 ("Vaccine Act" or "Act"), *as amended*, alleging that G.C. developed

urticarial/hypersensitivity vasculitis which was caused in fact by the influenza ("flu")

vaccination received on December 3, 2013.  Petition (ECF No. 1).

On February 5, 2016, respondent filed his Rule 4(c) report recommending against

compensation.  Respondent's Report (ECF No. 17).  On September 5, 2019, the Special Master

issued a Ruling on Entitlement, finding that G.C. is entitled to compensation.  (ECF No. 66).

Respondent now proffers the following regarding the amount of compensation to be awarded.[1]

**I.**    **Items of Compensation**

    A.    Life Care Items

---

[1]  The parties have no objection to the amount of the proffered award of damages.  However, respondent reserves his right, pursuant to 42 U.S.C. § 300aa-12(e), to seek review of the Special Master's September 5, 2019 ruling on entitlement, finding petitioner entitled to an award under the Vaccine Act.  This right accrues following issuance of the damages decision.

Respondent engaged life care planner Laura Fox, MSN, BSN, RN, and petitioner engaged life care planner Roberta Hurley, to provide an estimation of G.C.'s future vaccine-injury related needs.  For the purposes of this proffer, the term "vaccine related" is as described in the Special Master's Ruling on Entitlement.  All items of compensation identified in the life care plan are supported by the evidence and are illustrated by the chart entitled Appendix A: Items of Compensation for G.C., attached hereto as Tab A.[2]  Petitioner agrees.

      B.    <u>Lost Future Earnings</u>

The parties agree that based on the evidence, G.C. will likely be gainfully employed in the future.  Therefore, respondent proffers that G.C. should not be awarded lost future earnings as provided under the Vaccine Act, 42 U.S.C. § 300aa-15(a)(3)(B).  Petitioner agrees.

      C.    <u>Pain and Suffering</u>

Respondent proffers that G.C. should be awarded $140,000.00 in actual and projected pain and suffering.  This amount reflects that any award for projected pain and suffering has been reduced to net present value.  *See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

## II.   <u>Form of the Award</u>

The parties recommend that the compensation provided to G.C. should be made through a combination of lump sum payments and future annuity payments as described below, and request that the Special Master's decision and the Court's judgment award the following:[3]

---

[2]  The chart at Tab A illustrates the annual benefits provided by the life care plan.  The annual benefit years run from the date of judgment up to the first anniversary of the date of judgment, and every year thereafter up to the anniversary of the date of judgment.

[3]  Should G.C. die prior to entry of judgment, the parties reserve the right to move the Court for appropriate relief.  In particular, respondent would oppose any award for future medical expenses, lost future earnings, and future pain and suffering.

A.  A lump sum payment of $145,151.53, representing compensation for life care

expenses in the first year after judgment ($5,151.53) and pain and suffering ($140,000.00), in the

form of a check payable to petitioner as guardian(s)/ conservator(s) of the estate of G.C., for the

benefit of G.C.  No payments shall be made until petitioner provides respondent with

documentation establishing that she has been appointed as the guardian(s)/conservator(s) of

G.C.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as

guardian(s)/conservator(s) of the estate of G.C., any such payment shall be made to the party or

parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of

the estate of G.C. upon submission of written documentation of such appointment to the

Secretary.

B.  An amount sufficient to purchase the annuity contract,[4] subject to the conditions

described below, that will provide payments for the life care items contained in the life care plan,

as illustrated by the chart at Tab A attached hereto, paid to the life insurance company[5] from

which the annuity will be purchased.[6]  Compensation for Year Two (beginning on the first

anniversary of the date of judgment) and all subsequent years shall be provided through

---

[4] In respondent's discretion, respondent may purchase one or more annuity contracts from one or more life insurance companies.

[5] The Life Insurance Company must have a minimum of $250,000,000 capital and surplus, exclusive of any mandatory security valuation reserve.  The Life Insurance Company must have one of the following ratings from two of the following rating organizations:

    a.  A. M. Best Company:  A++, A+, A+g, A+p, A+r, or A+s;

    b.  Moody's Investor Service Claims Paying Rating:  Aa3, Aa2, Aa1, or Aaa;

    c.  Standard and Poor's Corporation Insurer Claims-Paying Ability Rating:  AA-, AA, AA+, or AAA;

    d.  Fitch Credit Rating Company, Insurance Company Claims Paying Ability Rating:  AA-, AA, AA+, or AAA.

respondent's purchase of an annuity, which annuity shall make payments directly to petitioner only so long as G.C. is alive at the time a particular payment is due.  At the Secretary's sole discretion, the periodic payments may be provided to petitioner in monthly, quarterly, annual or other installments.  The "annual amounts" set forth in the chart at Tab A describe only the total yearly sum to be paid to petitioner and do not require that the payment be made in one annual installment.

   1. <u>Growth Rate</u>

  Respondent proffers that a four percent (4%) growth rate should be applied to all non-medical life care items, and a five percent (5%) growth rate should be applied to all medical life care items.  Thus, the benefits illustrated in the chart at Tab A that are to be paid through annuity payments should grow as follows: four percent (4%) compounded annually from the date of judgment for non-medical items, and five percent (5%) compounded annually from the date of judgment for medical items.  Petitioner agrees.

   2. <u>Life-Contingent Annuity</u>

  The petitioner will continue to receive the annuity payments from the Life Insurance Company only so long as G.C. is alive at the time that a particular payment is due.  Written notice shall be provided to the Secretary of Health and Human Services and the Life Insurance Company within twenty (20) days of G.C.'s death.

   3. <u>Guardianship</u>

  No payments shall be made until petitioner provides respondent with documentation establishing that she has been appointed as the guardian(s)/conservator(s) of G.C.'s estate.  If petitioner is not authorized by a court of competent jurisdiction to serve as

---

[6] Petitioner authorizes the disclosure of certain documents filed by the petitioner in this case consistent with the Privacy Act and the routine uses described in the National Vaccine Injury Compensation Program System

guardian(s)/conservator(s) of the estate of G.C., any such payment shall be made to the party or parties appointed by a court of competent jurisdiction to serve as guardian(s)/conservator(s) of the estate of G.C. upon submission of written documentation of such appointment to the Secretary.

III.    **Summary of Recommended Payments Following Judgment**

    A.    Lump Sum paid to the court-appointed guardian(s)/ conservator(s) of the estate of G.C. for the benefit of G.C.:    **$145,151.53**

    B.    An amount sufficient to purchase the annuity contract described above in section II. B.

Respectfully submitted,

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General

C. SALVATORE D'ALESSIO
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

ALEXIS B. BABCOCK
Assistant Director
Torts Branch, Civil Division

*/s/Darryl R. Wishard*
DARRYL R. WISHARD
Assistant Director
Torts Branch, Civil Division
U. S. Department of Justice
P.O. Box l46, Benjamin Franklin Station
Washington, D.C.  20044-0146
Direct dial: (202) 616-4357
Email: darryl.wishard@usdoj.gov

Dated: May 18, 2022

of Records, No. 09-15-0056.

**Appendix A:  Items of Compensation for G.C.**                                Page 1 of 1

| ITEMS OF COMPENSATION | G.R. | M | Lump Sum Compensation Year 1 | Compensation Year 2 | Compensation Years 3-10 | Compensation Year 11 | Compensation Years 12-Life |
|---|---|---|---|---|---|---|---|
| | | | 2022 | 2023 | 2024-2031 | 2032 | 2033-Life |
| Tylenol | 4% | | | | 48.79 | 48.79 | 48.79 |
| Rheumatology | 5% | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| Ophthalmology | 5% | | 50.00 | 50.00 | 50.00 | 50.00 | 50.00 |
| OT/PT | 4% | M | 1,170.24 | 1,170.24 | 1,170.24 | 1,170.24 | 1,170.24 |
| Case Mngt | 4% | | 260.00 | 260.00 | 260.00 | 260.00 | |
| Tumble Forms | 4% | | 169.99 | | | | |
| Wedge | 4% | | | | | 44.77 | 8.95 |
| Therapy Putty | 4% | | 13.99 | 7.00 | 7.00 | 7.00 | 7.00 |
| ADLs | 4% | | 150.00 | 75.00 | 75.00 | 75.00 | 75.00 |
| Universal Foam Grip Cuff | 4% | | 27.90 | 27.90 | 27.90 | 27.90 | 27.90 |
| Mini Trampoline | 4% | | 109.00 | 10.90 | 10.90 | 10.90 | 10.90 |
| AmTryke | 4% | | 1,250.01 | | | | |
| Gel Seat Cushion | 4% | | 42.99 | 21.50 | 21.50 | 21.50 | 21.50 |
| Perfect Comfort Infinite Position Chair | 4% | | 1,298.00 | 129.80 | 129.80 | 129.80 | 129.80 |
| Cleaning Supplies | 4% | | 150.00 | 75.00 | 75.00 | 75.00 | 75.00 |
| Air Purifier | 4% | | 246.00 | 49.20 | 49.20 | 49.20 | 49.20 |
| Air Purifier Repl. Filter | 4% | | 102.56 | 102.56 | 102.56 | 102.56 | 102.56 |
| Reusable Gel Ice Pack | 4% | | 34.90 | 17.45 | 17.45 | 17.45 | 17.45 |
| Heating Pad | 4% | | 25.95 | 5.19 | 5.19 | 5.19 | 5.19 |
| Pain and Suffering | | | 140,000.00 | | | | |
| Annual Totals | | | 145,151.53 | 2,051.74 | 2,100.53 | 2,145.30 | 1,849.48 |

Note: Compensation Year 1 consists of the 12 month period following the date of judgment.
Compensation Year 2 consists of the 12 month period commencing on the first anniversary of the date of judgment.
As soon as practicable after entry of judgment, respondent shall make the following payment to the court-appointed
guardian(s)/conservators(s) of the estate of G.C. for the benefit of  G.C. for pain and suffering ($140,000.00 and
Year 1 life care expenses ($5,151.53): $145,151.53.
Annual amounts payable through an annuity for future Compensation Years follow the anniversary of the date of judgment.
Annual amounts shall increase at the rates indicated in column "G.R." above, compounded annually from the date of judgment.
Items denoted with an "M" payable in 12 monthly installments at the discretion of respondent.