# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
Filed: March 16, 2023

| | | |
|---|---|---|
| * * * * * * * * * * * * * | | |
| G.C. *by her parent* | * | |
| BRYNN CONTINO, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | No. 15-773V |
| | * | Special Master Gowen |
| v. | * | |
| | * | Attorneys' Fees and Costs |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * | | |

*Lawrence R. Cohan*, Saltz Mongeluzzi & Bendesky, Philadelphia, PA, for Petitioner.
*Darryl R. Wishard*, United States Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 27, 2022, Brynn Contino ("Petitioner") filed a motion for attorneys' fees and costs. Motion for Attorney Fees and Costs ("Fees App.") (ECF No. 118). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$192,434.38.**

I.  **Procedural History**

On July 23, 2015, Petitioner filed a petition in the National Vaccine Injury Compensation Program on behalf of her minor child, G.C.[2] Petitioner alleged that the influenza vaccination G.C. received on December 3, 2013, caused her to suffer from urticarial vasculitis. *See* Petition (ECF

---

[1] I intend to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) ("Vaccine Act" or "the Act"). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

No. 1). I held an entitlement hearing in Washington, DC, on November 8, 2017, and on September 5, 2019, I issued a Ruling on Entitlement finding that petitioner was entitled to compensation. (ECF No. 66). Thereafter, the parties engaged in settlement discussions concerning damages and on May 18, 2022, the parties filed a proffer, which I adopted as my decision awarding compensation on the same day. (ECF No. 14).

On September 27, 2022, Petitioner filed a motion for final attorneys' fees. Petitioner requests compensation in the total amount of $196,526.88, representing $108,049.80 in attorneys' fees and $88,477.08 in costs. Fees App. at 3. Pursuant to General Order No. 9, Petitioner warrants she has not personally incurred any costs in pursuit of this claim. *Id.* Respondent reacted to the fees motion on September 28, 2022, stating that "Respondent is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case." Response at 2. (ECF No. 92). Petitioner did not file a reply thereafter.

The matter is now ripe for adjudication.

II.   **Analysis**

Section 15(e) (1) of the Vaccine Act allows for the Special Master to award "reasonable attorneys' fees, and other costs." § 300aa–15(e)(1)(A)–(B). Petitioners are entitled to an award of reasonable attorneys' fees and costs if they are entitled to compensation under the Vaccine Act, or, even if they are unsuccessful, they are eligible so long as the Special Master finds that the petition was filed in good faith and with a reasonable basis. *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1352 (Fed. Cir. 2008). Here, because Petitioner was awarded compensation pursuant to a proffer, she is entitled to a final award of reasonable attorneys' fees and costs.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

a.   **Attorneys' Fees**

Petitioner request the following rates for the work of her counsel, Mr. Lawrence Cohan: $400.00 per hour for work performed in 2014-2016, $420.00 per hour for work performed in 2017, $440.00 per hour for work performed in 2018, $450.00 per hour for work performed in 2019, $484.00 per hour for work performed in 2020, $509.00 per hour for work performed in 2021, and $522.00 per hour for work performed in 2022. Mr. Cohan's rate in several years must be reduced because it exceeds what he has previously been awarded for those years. Specifically, Mr. Cohan has consistently been awarded the following hourly rates by other special masters: $400.00 per hour for work performed in 2017, $470.00 per hour for work performed in 2020, $484.00 per hour for work performed in 2021, and $505.00 per hour for work performed in 2022. *See Jansen v. Sec'y of Health & Human Servs.,* No. 18-722V, 2022 WL 2270234, at *2 (Fed. Cl. Spec. Mstr.

May 12, 2022); *Gardner v. Sec'y of Health & Human Servs.,* No. 17-959V, 2022 WL 226800, at *2 (Fed. Cl. Spec. Mstr. Jan. 4, 2022); *Lesher v. Sec'y of Health & Human Servs.,* No. 17-1076V, 2021 WL 1526198, at *2 (Fed. Cl. Spec. Mstr. Mar. 17, 2021). Application of these rates results in a reduction of $2,093.40.

Turning next to review of the submitted billing statement, I find that the overall hours spent on this matter to be reasonable. The entries are reasonable and accurately describe the work being performed and the length of time it took to perform each task. Respondent also has not identified any particular entries as being objectionable. Therefore, Petitioner is entitled to final attorneys' fees of $105,956.40.

### b. Attorneys' Costs

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $88,477.08, comprised of acquisition of medical records, postage, work performed by Petitioner's medical experts, Dr. Vera Byers and Dr. Michael Henrickson, work performed by Petitioner's life care planner, work performed by Petitioner's guardianship counsel, and travel costs to attend the entitlement hearing. I have reviewed the submitted invoices and receipts and find that, despite the high total, the amount is largely warranted. Petitioner's case was complicated and required different medical experts, first for the entitlement portion of the case and then for the damages. Additionally, the services of many other professionals, including a life care planner, a vocational expert, and a guardianship attorney, were required for petitioner to ultimately receive a positive outcome. Finally, the nature of the entitlement hearing, which took place over two days in different months, lead to higher costs because travel and lodging was required for counsel and petitioner's expert on two separate occasions.

However, some of the requested costs must be reduced. First, counsel consistently used Amtrak Acela Express service to travel to and from the entitlement hearing. Fees App. at 99, 129, 138. The Court has previously declined to compensate petitioners for first-class airfare, business-class train fare, and Acela Express train fare. *See Tetlock v. Sec'y of Health & Human Servs.*, No. 10-56V, 2017 WL 5664257, at *6 (Fed. Cl. Spec. Mstr. Nov. 1, 2017).

Second, counsel and Dr. Byers stayed at the Sofitel, a 5-star hotel in downtown Washington, DC on both occasions of the entitlement hearing. Fees App. at 103, 115. On average, the nightly rate for the rooms of counsel and Dr. Byers were over $500.00. While I understand why counsel would want to stay at the Sofitel given its extremely close proximity to the Court of Federal Claims, special masters have consistently found that more reasonably priced lodging is typically plentiful in Washington, DC. *See, e.g., Drobbin v. Sec'y of Health & Human Servs.*, No. 14-225V, 2022 WL 1515024, at *5 (Fed. Cl. Spec. Mstr. Apr. 28, 2022). Petitioner has not offered any evidence to suggest that the Sofitel was the only reasonable choice available at the time lodging was booked.

To address the aforementioned issues, I shall reduce the final award of costs by $2,000.00. Petitioner is therefore awarded final attorneys' costs of $86,477.98.

III.     **Conclusion**

In accordance with the foregoing, Petitioner's motion for attorneys' fees and costs is **GRANTED**. I find that Petitioner is entitled to a reimbursement of attorneys' fees and costs as follows:

| | |
|---|---|
| Attorneys' Fees Requested | $108,049.80 |
| (Reduction of Fees) | - ($2,093.40) |
| **Total Attorneys' Fees Awarded** | **$105,956.40** |
| | |
| Attorneys' Costs Requested | $88,477.08 |
| (Reduction of Costs) | - ($2,000.00) |
| **Total Attorneys' Costs Awarded** | **$86,477.98** |
| | |
| **Total Attorneys' Fees and Costs** | **$192,434.38** |

**Accordingly, I award a lump sum in the amount of $192,434.38, representing reimbursement for Petitioner's attorneys' fees, in the form of a check payable to Petitioner and her attorney, Mr. Lawrence Cohan.[3]**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[4]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs," and fees for legal services rendered. Furthermore, Section 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See generally Beck v. Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[4] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).